# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 18-1951V
(not to be published)

|  |  |
|---|---|
| BARBARA ROWELL, | Chief Special Master Corcoran |
| Petitioner, | Filed: April 14, 2020 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Attorney's Fees and Costs |
| Respondent. | |

*Harrison Whitten Long, Rawls Law Group, P.C., Richmond, VA, for Petitioner.*

*Darryl R. Wishard, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 20, 2018, Barbara Rowell filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration as the result of an influenza vaccination administered to her on September 15, 2017. (Petition at 1). On February 20, 2020, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 29).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated March 17, 2020, (ECF No. 34), requesting a total award of $29,386.12 (representing $27,583.85 in fees and $1,802.27 in costs). In accordance with General Order #9 Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. (ECF No. 34-3.) Respondent reacted to the motion the same day indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and defers to the Court's discretion to determine the amount to be awarded. (ECF No. 35). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

**ATTORNEY FEES**

Petitioner requests the following rates for his attorneys from Rawls Law Group at the following rates; Joseph T. McFadden the rate of $395 for 2018 and $422 for 2019; for Glen Sturtevant the rates of $326 for 2018 and $339 for 2019; and for Harrison W. Long the rates of $254 for 2019 and $264 for 2020. (ECF No. 34-1 at 10, 15 and 18). Petitioner also requests the rates for the paralegals as follows: $152 for 2018, $156 for 2019 and $163 for 2020. (*Id*). The rates for Mr. McFadden, Mr. Sturtevant and the paralegals have been previously awarded and I find no cause to deviate from those rates. However, I will make an adjustment for Mr. Long's requested rates for the reasons listed below.

Mr. Long has been a licensed attorney in Virginia since December 2017, placing him in the range of attorneys with less than 4 years' experience. Although the requested rates for 2018 and 2019 are within the appropriate experience range, they are on the highest end of the range and his requested 2020 rate exceeds his experience range based on the OSM Attorney's Forum Attorney Hourly Rate Schedule.[3] The determination of the amount of reasonable attorneys' fees is within the special master's discretion. *See, e.g., Saxton v. Health & Human Servs.,* 3 F.3d 1517,1520 (Fed. Cir. 1993). Special masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. Health & Human Servs*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991). Moreover, special masters are entitled to rely on their own experience and understanding of the issues raised. *Wasson v. Health & Human Servs.*, 24 Cl. Ct. 482, 483 (Fed. Cl.1991), *aff'd in relevant part,* 988 F.2d 131 (Fed.Cir.1993) (per curiam).

Based on my experience and the factors that guide calculation of proper rates,[4] I reduce Mr. Long's hourly rates to the following;

- $215 hour for time billed in 2019 and;
- $235 per hour for time billed in 2020.

---

[3] The OSM Hourly Rate Schedule can be found at http://www.uscfc.uscourts.gov/node/2914

[4] *See McCulloch v. Sec'y of Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). *McCulloch* identifies the following factors as particularly significant: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large.

This reduces the request for attorney fees in the amount of **$588.80**.[5]

## ATTORNEY COSTS

Petitioner requests $1,802.27 in overall costs.  (ECF No. 34 at 3). This amount is comprised of obtaining medical records, postage and the Court's filing fee. I have reviewed the requested costs and find them to be reasonable and award the requested amount in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e).  Accordingly, I  hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$28,797.32** (representing $26,995.05 in attorney's fees and $1,802.27 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[5] This amount consists of ($254 - $215 = $39 x 9 hrs = $351) + ($264 - $235 = $29 x 8.2 hrs = $237.80) = $588.80.

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.